351 S.E.2d 434

**Betty L. LUFF**

v.

**Edward T. LUFF.**

**No. 17158.**

Supreme Court of Appeals of West Virginia.

Dec. 16, 1986.

---

**248**

Richard W. Cardot, Elkins, for appellant.

William Beckett, Beckett, Burford & James, Huntington, for appellee.

PER CURIAM:

This is an appeal by Betty L. Luff from an order of the Circuit Court of Monongalia County which denied her petition for modification of a divorce decree entered by the circuit court on December 1, 1980. In the petition, the appellant had prayed that the circuit court award her permanent alimony. On appeal she claims that the court erred in denying her that award. She also claims that the court should have awarded her reasonable attorney's fees. After examining the record, we believe that the appellant's allegations have merit, and we reverse the judgment of the Circuit Court of Monongalia County.

The appellant and her husband, Edward T. Luff, were divorced by an order entered by the Circuit Court of Monongalia County on December 1, 1980. That order, in addition to dissolving the bonds of matrimony, awarded all the parties' household goods to the appellant and directed the appellant's former husband to pay her $500.00 per month alimony for twenty-four months, commencing on January 1, 1981. It specifically provided that the appellant was not entitled to further alimony from her former husband. Additionally, the order directed Mr. Luff to pay $1,500.00 in attorney's fees and $250.00 in litigation costs.

At the time of the divorce the appellant owned the parties' marital home and seven acres, which, by some accounts, were valued at $225,000.00. She also owned 560 shares of Barbour County bank stock worth $36,400.00, according to one assessment. At the same time the appellant's husband owned coal company stocks worth $170,000.00 and Barbour County Bank stock worth $18,850.00. He also had miscellaneous assets which raised his total overall gross worth to $190,361.20. In addition to assets of $190,361.20, he had liabilities in the amount of $82,516.32.

The appellant and her husband had been married for over thirty-six years, and during most of that time the appellant had been a housewife and received no income from wages. Her husband was a circuit court judge who, in the year 1979, had a salary of $33,500.00.

On December 10, 1982, after the payment of the last alimony installment due under the divorce decree, the appellant petitioned the Circuit Court of Monongalia County to modify the decree and increase and extend alimony based upon a change of circumstances. Extensive hearings were held on that petition.

During the hearings evidence was adduced showing that since the divorce the appellant had given a one-half interest in her residence, which had been severely damaged by vandals, to her daughter, Kimberly A. Luff. The evidence also showed that the appellant had sold her bank stock

and that she had received a settlement for an insurance claim for damage done to her house by vandals. However, substantial sums had been required to make the house habitable. Additionally, the appellant had borrowed large sums of money from her mother and had placed a deed of trust against her home to secure the loans. By May 31, 1985, these loans totalled $176,267.13. From the proceeds of her mother's loans the appellant had loaned her son, Wayne Luff, approximately $150,000.00. Other money had been advanced to another son. At the time of the modification hearing, the appellant had no ready money and no meaningful income. Additionally, the evidence suggested that she had health problems which precluded her from engaging in meaningful employment.

The appellant's husband, since the divorce, had also loaned the parties' son, Wayne Luff, approximately $150,000.00, and he, like his former wife, had liquidated most of his stocks. As a consequence, his readily available assets were also greatly reduced. However, his income, even after the sale of assets and the loan of the proceeds to his son, remained substantial. For both the years 1983 and 1984, he received $45,000.00 as a judge's salary. He was also eligible for judicial retirement of approximately 75% of his salary when he chose to retire.

In the course of the hearings, the parties' son, Wayne Luff, testified and acknowledged that he had borrowed very substantial sums of money from his parents. The son was an attorney and was involved in large business transactions which required the proceeds from the loans. He asserted a willingness, and intention, to repay the loans as soon as repayment was feasible.

At the conclusion of the modification proceedings the circuit court, on January 9, 1986, denied the petition for modification and made extensive findings of fact. The substance of those findings was that the appellant had received over $200,000.00 within the year preceding the court's order which she could have used for her support, but instead she chose to give one son $150,000.00 and another $40,000.00. The court also found that the evidence showed that the appellant had voluntarily quit her job in December, 1984, and had given her home to her daughter. The court noted that as a result of loaning his son $150,000.00, the appellant's former husband's expenses exceeded his income. The court also found that he had a serious heart condition, arthritis of the spine, and was unable to work. The court concluded that the appellant was not entitled to alimony or the attorney's fees which she sought. It is from that ruling that the appellant now appeals.

This Court has recognized that after alimony has been awarded, to justify modification of the amount established and awarded, the petitioner must show that there has been a substantial change in the circumstances of the parties. *Zirkle v. Zirkle*, 172 W.Va. 211, 304 S.E.2d 664 (1983). In determining whether there has been a substantial change in the circumstances of the parties, a circuit court is required to consider a number of different factors. These factors are enumerated in syllabus point 2 of *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982), as follows:

> By its terms, *W.Va. Code* § 48–2–16 [1976] requires a circuit court to consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding.

In the case presently under consideration, it appears that the parties have both substantially deprived themselves of the benefit of their assets by loaning their son the proceeds from those assets or the proceeds of loans against the assets. Until the parties' son repays the loans, it appears that the parties will not be able to use the assets for their support. The exception, of course, is the house in which the appellant can live, even though the evidence demonstrates that it is hardly habitable and still needs substantial restoration work.

From an income point of view, the parties' circumstances are divergent. The appellant has virtually no income and there

is evidence that her health is poor and that she is incapable of maintaining any sort of meaningful job. The health of the appellant's former husband is likewise poor, in that he has arthritis and a heart condition. For most of the years of their marriage the appellant did not work outside the home and did not develop a meaningful earning capacity. On the other hand, the appellant's former husband worked for many years as an attorney and as a circuit judge.

The most divergent feature in the comparative financial circumstances of the parties is their incomes. The records show that the appellant has substantial expenses and virtually no meaningful income. On the other hand, her former husband, who also has substantial expenses and who apparently has retired since the hearings in this case, has a judicial retirement income amounting to over $30,000.00 a year.

The Court believes that since the time of the original alimony determination there has been a substantial alteration in the circumstances of the parties. Admittedly, the alteration is attributable, in part, to the activities of the parties themselves in liquidating or borrowing against their assets to advance money to their son. However, it appears that their activities in behalf of their son have been of approximately equal magnitude. The result has been, however, that the appellant is in a position where she has virtually no income and her former husband now has over $30,000.00 per year income.

Under the circumstances, the Court believes that modification of the original alimony award is justified and that, considering the factors set forth in syllabus point 2 of *Yanero v. Yanero, supra,* the trial court should have awarded the appellant $600.00 per month alimony.

█ In addition to claiming that the trial court erred in failing to modify the alimony decree and in awarding her permanent alimony, the appellant contends that the trial court erred in failing to direct her former husband to pay her reasonable attorney fees.

In the course of the proceedings before the circuit court, the appellant's attorney moved that reasonable attorney fees and costs be paid and submitted to the court an itemized billing statement indicating that on November 6, 1985, a total of $15,280.00 in fees and $1,917.22 in costs and expenses had been incurred. Total payments in the amount of $11,954.67 had been made on the charges.

The basic rule relating to the payment of attorney fees and court costs is set forth in *W. Va. Code* § 48–2–13(a)(4), which provides, in relevant part:

> The court may compel either party to pay attorney's fees and court costs reasonably necessary to enable the other party to prosecute or defend the action in the trial court. . . .

In the case presently under consideration, the itemization submitted indicates that the charges imposed by counsel for prosecution of this action are reasonable. The Court believes that in view of the disparate financial circumstances of the parties already discussed, it is appropriate that the appellant's former husband should pay the residue of the attorney fees and costs and expenses which remained unpaid at the time of the appellant's motion for payment of reasonable attorney fees and suit monies.

In conclusion, the Court believes that this case should be remanded with directions that the circuit court enter an order awarding the appellant $600.00 per month alimony and directing the appellant's former husband to pay the unpaid attorneys fees and costs incurred by his former wife in prosecuting her petition for modification.

For the reasons stated, the judgment of the Circuit Court of Monongalia County is reversed and this case is remanded for further action consistent with this opinion.

Reversed and remanded.