VIRGIL ZINN

*v.*

DELLA W. ZINN

(No. 14186)

Decided December 18, 1979.

*Lucien R. Sammons, Jr.,* for appellant.

*David G. Hanlon, Leo Catsonis* for appellee.

PER CURIAM:

Della W. Zinn, the appellant in this appeal from a final decree entered in a divorce proceeding, contends that the trial court erred in failing to award her alimony. We agree.

On April 28, 1975, Virgil Zinn sued the appellant, his wife, for divorce. The appellant answered and counterclaimed. In her counterclaim she prayed that the court order the plaintiff to pay her temporary and permanent alimony for her support and maintenance.

An extensive hearing was held in the matter on October 16, 1975. At that hearing the appellant introduced evidence tending to show that her husband had become involved in an adulterous relationship with another woman. At the time of the hearing the appellant was fifty-four years old; she had been married to her husband for twenty years. Prior to the hearing she had been employed in a garment factory in Pennsboro where she earned $2.10 per hour. Other than a one-half undivided interest in the couple's farm, the appellant owned no estate capable of producing income independent of her labor. Prior to the hearing she had experienced a reduction in income because of a part-time lay-off at the garment factory. At the time of the hearing, she was suffering from high blood pressure and skin cancer.

The appellant's husband, Virgil Zinn, was a farmer who worked part time for the Ritchie County Board of Education as a bus driver. He also worked at a Pure Oil Station, and he earned additional money by serving as a lay veterinarian in his community. He owned a house which he rented for $55.00 per month, and he received small sums in the form of oil and gas royalties. Although the record is not clear as to exactly how much Virgil Zinn earned per year, it does indicate that he had approximately $7,700 per year, non-farm income.

On December 31, 1976, the Judge of the Circuit Court of Ritchie County entered an order in the case. In that order the court, having found that Virgil Zinn was guilty of adultery, awarded the appellant a divorce. The court also awarded the appellant custody of the couple's seventeen-year-old child and directed that Virgil Zinn pay $75.00 per month child support until the child reached eighteen. With regard to alimony, the court said "... the Defendant is able to work and therefore the Court will not make any award for alimony to the Defendant for that reason."

In early cases we held that the marriage contract imposes upon the husband the obligation to support and maintain his wife and the offspring of the marriage. See,

e.g. *Norman v. Norman*, 88 W.Va. 640, 107 S.E. 407 (1921); *Kittle v. Kittle*, 86 W.Va. 46, 102 S.E. 799 (1920). In *Norman* we said:

> "The fact that the wife has a small amount of property in no way affects her right to compel her husband to support and maintain her and their infant child given to her custody. She is not compelled to make good his obligation out of her estate, but is entitled to receive from him sufficient sums to support and maintain her ... in the station of life to which they belong, considering, of course, the capacity of the husband to earn money, and the income from any property he may own." *Norman v. Norman*, 88 W.Va. 640, 645, 107 S.E. 407, 410 (1921)

Judge Haymond in *State ex rel. Cecil v. Knapp*, 143 W.Va. 896, 105 S.E.2d 569, 574-576 (1958) made an extensive survey of the law surrounding the wife's right to receive an award of permanent alimony once she is granted a divorce based on traditional fault grounds. *W.Va. Code*, 48-2-16 provides certain standards which should be taken into consideration in determining alimony:

> "All judges and courts of this State, called upon to fix, ascertain and determine an amount of alimony, ... to be paid by a spouse ... shall take into consideration, among other things, the financial needs of the parties, the earnings and earning ability of the husband and wife, the estate, real and personal, and the extent thereof as well as the income derived therefrom of both the husband and wife and shall allow, or deny, alimony or maintenance or modify any former order with relation thereto, in accordance with the principles of justice." *W.Va. Code, 48-2-16*.

This statute which was enacted in 1933 clarified the fact that in determining the amount of alimony to be awarded to a fault-free wife, consideration could be given to the independent income of both parties. *Sutherland v. Sutherland*, 120 W.Va. 359, 198 S.E. 140 (1938). However, it cannot be doubted from *Kittle*, *Norman* and

their progeny that where the wife receives the divorce based on proof of a fault ground against her husband and she has no independent income or only a meager income when compared with her husband she is entitled to some award of alimony.

Although we recognize that while the law vests wide discretion in the trial court to determine the amount of alimony to be paid, *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959), the trial court's discretion in making the legal determination of the right to obtain some amount of alimony by a wife who obtains a divorce against her husband on fault grounds is more narrowly viewed. See, *Kittle v. Kittle, supra; Norman v. Norman, supra.*

A further factor supporting this rule is the principle set out in *Savage v. Savage.* ___ W.Va. ___, 203 S.E.2d 151 (1974), that where no award for alimony is made for a wife who obtains a fault-based divorce against her husband, she cannot subsequently have the decree modified to obtain alimony.

Although we do not deem it appropriate to establish detailed standards for a trial court's exercise of discretion in awarding alimony, we note that *W.Va. Code,* 48-2-6 requires by its terms that a court consider the financial needs of the parties, their incomes and income earning abilities, and their estates and the income produced by their estates in determining whether to allow or deny alimony.

The trial court in the case before us, in an opinion filed on December 21, 1976, found, "that the defendant is able to work" but made no reference to her actual needs, or her prospective earning abilities in view of her health. The trial judge, although he referred to the property of the parties, made no reference to the income produced by that property.

It is clear from the record that the appellant's income at the time of the divorce was considerably less than that of her husband even when she was able to work.

She possessed no estate which was self-productive of income. She suffered from diseases which impaired her ability to work. On the other hand, the appellant's husband was in apparent good health and had a moderate income in addition to a small income-producing estate.

Under the circumstances of this case, the wife was legally entitled to some award of alimony and the trial judge abused his discretion in this regard. The amount of alimony should be determined under factors set forth in *W.Va. Code*, 48-2-16.

The judgment of the Circuit Court of Ritchie County, insofar as it awards the appellant no alimony, is accordingly reversed, and this case is remanded with directions that the circuit court award the appellant the alimony to which she is entitled.

*Reversed and remanded with directions.*