DOUGLAS G. PURNELL

*v.*

EVELYN LOUISE PURNELL

(No. 15103)

Decided July 17, 1981.

*Gilbert Wilkes, III*, for appellant.

*Rice, Hannis & Douglas* and *Charles F. Printz, Jr.*, for appellee.

PER CURIAM:

This is an appeal by Evelyn Louise Purnell from a divorce decree entered by the Circuit Court of Berkeley County on October 2, 1979. That decree awarded the appellant $40.00 per week alimony. The appellant contends that the amount of alimony awarded and the property settlement made by the court were inadequate and inequitable. We conclude that the facts contained in the record suggest that the

alimony and property arrangement were inequitable, and we remand for further development of the record and decision of the case in accordance with our holding in *Patterson v. Patterson,* ___ W.Va. ___, 277 S.E.2d 709 (1981).

The parties to this proceeding were married in Maryland in 1954. In 1963 they purchased a dwelling house located in Martinsburg, West Virginia, which was originally titled in both their names as joint tenants with the right of survivorship. However, in 1974, because she feared that creditors' suits against her son would affect her interest in the property, the appellant transferred her interest to the appellee.

In 1977, the appellee, after moving out of the dwelling house, sued the appellant for divorce. In the course of the divorce proceedings she moved for the exclusive use and possession of the house. She made this motion in spite of the fact that the parties' children had been emancipated.

By its order dated October 2, 1979, the circuit court granted the parties a divorce on the ground that they had lived separate and apart for one year. The court's order also directed the appellee to pay the appellant $40.00 per week alimony and that he compensate her for her inchoate right of dower in the former marital domicile.

In the course of the divorce proceedings the appellant testified that she was forty-seven years of age and that she had suffered from, and been treated for, Weber-Christian disease for two years. She indicated that as a result of the disease nodules formed under the skin of her thighs and legs she was unable to work. She indicated that her income consisted of $61.00 per month in food stamps, $20.00 per week from her eldest son for room and board, $35.00 per week baby sitting, and additional money from her son for medicine. She estimated that her total expenses, if she had to leave the marital domicile, would be $870.00 per month (including a projected rent of $200.00 per month).

The appellee testified that he had been unaware of the appellant's medical condition, that she had been employed at several jobs in the course of their marriage, and that he

had no reason to believe that she was unable to work. He indicated that his net monthly take-home pay was $732.40. A recent bi-weekly wage statement showed a savings deduction from gross pay of $100.00 which he testified was for a truck payment and a Christmas Club account. He stated that his monthly expenditures averaged $679.75 which included the joint deed of trust payment on the marital domicile and insurance payments and taxes on the house which totalled approximately $130.00 per month.

In this proceeding the appellant asserts that the trial court erred in failing to award her an interest in the marital domicile and that the court abused its discretion in awarding her only $40.00 per week alimony.

After the entry of the trial court's final order in the case before us, we rendered our decision in *Patterson v. Patterson, supra.* In *Patterson* we concluded that a sequence of equitable circumstances may dictate that a trial court impress real estate legally titled in the name of one spouse with a constructive trust for the benefit of the other. We stated, however, that:

> "Before a trial court may properly impress a constructive trust on property titled in the name of one spouse for the benefit of the other, the spouse seeking the trust must by a preponderance of the evidence: (1) overcome the presumption that there was a gift between the parties, and (2) show that he or she is otherwise entitled to the declaration of a constructive trust. Entitlement to a constructive trust requires: (a) a showing that the party transferred to his or her spouse money, property, or services which were actually used to procure property titled in the other spouse's name only; (b) that the transfer was induced by (i) fraud, (ii) duress, (iii) undue influence, (iv) mistake, (v) breach of implicit fiduciary duty, or (vi) that in light of the dissolution of the marriage the other spouse would be unjustly enriched by the transfer." Syl. pt. 4, *Patterson v. Patterson,* ____ W.Va. ____, 277 S.E.2d 709 (1981).

In examining the record of the case before us, we note that prior to 1974 the appellant owned a one-half undivided

interest in the marital domicile. In 1974, apparently under the mistaken belief that her interest in the property would be subjected to the claims of her son's creditors, she transferred her interest to the appellee. Thereafter, the property was titled in his name alone. These circumstances suggest that in light of *Patterson,* the appellant may be entitled to have the trial court impress a one-half interest in the former marital domicile with a constructive trust for her benefit.

*W.Va. Code,* 48-2-16 [1933] requires that a court consider the financial needs of the parties, their incomes and income earning abilities, and their estates and the income produced by their estates in setting the amount of alimony. *Zinn v. Zinn,* 164 W. Va. 142, 260 S.E.2d 844 (1979). We are of the view that on the present record the alimony awarded the appellant is inadequate. However, the more critical issue is whether the appellant is entitled to have a one-half interest in her former marital domicile. The outcome of this issue will affect the adequacy of alimony awarded.

We cannot state from the record that the appellant is entitled to the impressment of a constructive trust, although the facts suggest that the equities involved might require such an action by the trial court. Since we conclude that a decision on that point is necessary for a resolution of the issue involving the adequacy of the alimony, we conclude that this case should be remanded to the circuit court of Berkeley County for development of the record on the circumstances surrounding transfer of title to the marital domicile to the appellee, for determination of whether the appellant is entitled to a constructive trust in a one-half interest in the premises, and for reconsideration of the appellant's entitlement to alimony in light of the court's decision on the constructive trust.

Accordingly, the judgment of the Circuit Court of Berkeley County is reversed and this case is remanded.

*Reversed and remanded.*