356 S.E.2d 637

**Helen Patricia LAW**

v.

**Joe Randall LAW.**

**No. 17143.**

Supreme Court of Appeals of West Virginia.

April 29, 1987.

Paul E. Parker, Fairmont, for appellant.

Charles E. Anderson, Fairmont, for appellee.

PER CURIAM:

On October 21, 1985, the appellant in this proceeding, Helen Law, petitioned the Circuit Court of Marion County to increase the alimony and child support payable to her by her former husband, Joe Randall Law. After taking evidence on the question the circuit court denied the appellant's petition and ordered that the payment of alimony cease on January 1, 1988. On appeal the appellant contends that the court's action was improper. After examining the record we agree, and we reverse the decision of the Circuit Court of Marion County.

On October 9, 1984, the appellant and her husband, Joe Randall Law, were divorced because of irreconcilable differences. The trial court made no finding of fault, but granted the appellant custody of the parties' two teenage children, Kimberly Ann Law and Scott Randall Law.

In the divorce decree the court awarded the appellant $300 per month child support and $450 per month alimony. The court also awarded the appellant property having a net value of approximately $195,000, including certain rental units which produced $1,200 per month income. The court awarded the appellant's husband property worth approximately $180,000.

On October 21, 1985, the appellant filed a petition praying that the alimony be increased to $750 per month and that the child support be increased to $450 per month. She alleged that the net rental income from her property had declined and that she was actually losing $18.83 per month on the property. She also alleged that the expenses connected with the raising of her children had increased by not less than 5%.

After the filing of the petition, the parties submitted financial statements and comments upon their financial circumstances. The appellant's former husband alleged that the appellant did not include certain interest income in her financial statement, that a part of the rental property was being rented to the appellant's mother at a price far below market value, and that the appellant's alleged monthly expenses were suspect in a number of regards. The appellant challenged her former husband's statement of asset values. Additionally, the evidence indicated that since the time of the divorce the appellant's former husband had retired from his previous job, that he no longer was receiving approximately $3,700 income from his prior

job, and that he was attempting to start a small business.

After the filing of the various documents in the case, the circuit court, on November 8, 1985, entered an order which denied the appellant's request for an increase in child support and alimony and which denied an oral request by the appellant's former husband that child support and alimony be decreased. The court, however, directed that the payment of all alimony to the appellant by her former husband terminate on January 1, 1988.

In the present proceeding the appellant argues that the trial court erred in terminating her alimony award since, among other things, the facts of the case did not support such action.

 In *Zirkle v. Zirkle*, 172 W.Va. 211, 304 S.E.2d 664 (1983), this Court recognized that to justify a modification of an alimony award already established, the party seeking modification must show that there has been a substantial change in the circumstances of the parties. In determining whether there has been a substantial change in the circumstances of the parties, the circuit court is required to look to a number of different factors. Those factors are enumerated in Syllabus Point 2 of *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982), as follows:

> By its terms, *W.Va. Code* § 48–2–16 [1976] requires a circuit court to consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding.

In the case presently under consideration, the documents filed in conjunction with the modification proceeding indicated that at the time of the divorce the appellant's husband, Mr. Law, was employed by Consolidation Coal Company and had an income of approximately $3,700 per month. Subsequently Mr. Law had retired, and his only income was attributable to rental income and interest income. That income was approximately $2,500 per month less than at the time of the granting of the divorce. At the time of the proceeding Mr. Law, however, was attempting to start a shop business to supplement his income.

The documents also indicated that the appellant's expenses had increased since the granting of the divorce, and that the rental income from her rental property had declined to the point where she was actually losing money.

 It appears to this Court that both the appellant and her former husband have experienced modifications in their prior financial conditions, incomes, and expenses since the granting of their divorce on October 9, 1984. It also appears that both parties have experienced reductions in income. Additionally, the appellant has increased expenses, partly due to the increase in age of her infant children.

The Court believes that the facts in this case show that the trial judge, in making the modification ruling, failed to consider the factors enumerated in *Yanero*. The Court also believes that a consideration of those factors suggests that the appellant might be entitled to an increase in her monthly alimony payments and even though the evidence, as developed before the trial court, was inadequate to resolve decisively that question. Examination of the record clearly fails to show what the circumstances of the parties will be in the future, and it is impossible at this point to say what level of alimony will be appropriate for the appellant. In ruling that the alimony should be terminated on January 1, 1988, the circuit court, in this Court's opinion, acted in a manner which was clearly unsupported by the evidence.

For the reasons stated, this Court is of the opinion that the order of the Circuit Court of Marion County modifying the alimony decree in this case should be reversed, and this case should be remanded for the taking of additional evidence to determine whether the circumstances do, in fact, support an increase in the appellant's alimony award.

Reversed and remanded.