412 S.E.2d 777

**Helen Patricia LAW, Plaintiff Below, Appellant,**

v.

**Joe Randall LAW Defendant Below, Appellee.**

**No. 19573.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 1991.

Decided Dec. 18, 1991.

---

Charles A. Shields, Patrick N. Wilson, Wilson, Fucillo & Shields, L.C., Fairmont, for appellant.

Susan K. McLaughlin, McLaughlin & Curry, Fairmont, for appellee.

PER CURIAM:

This is an appeal by Helen Patricia Law from an order of the Circuit Court of Marion County which decreased the appellant's alimony from $450 to $150 per month. The appellant contends that the lower court abused its discretion in failing to order an increase in monthly alimony payments and in decreasing those payments to $150 per month. We agree with the contentions of the appellant, reverse the ruling of the lower court, and remand for further proceedings consistent with this opinion.

## I.

The appellant was granted a divorce from the appellee, Joe Randall Law, on grounds of irreconcilable differences by order dated October 9, 1984. Under the terms of the divorce decree, the appellant was granted custody of the parties' two children, ages eleven and fourteen at that time, and was awarded the sum of $450 per month as alimony and $300 as child support. The court also awarded property to the appellant having a net value of approximately $195,000, including rental units which produced $1,200 in monthly income.

The court awarded property to the appellee having a net value of approximately $180,000.

On October 21, 1985, the appellant petitioned the circuit court for an increase in alimony and child support. The petition was denied, and the lower court ordered that payment of alimony should cease on January 1, 1988. Upon appeal by the appellant, this Court on April 29, 1987, reversed the lower court, held that termination of alimony was unsupported by the evidence, and remanded the matter to the lower court "for the taking of additional evidence to determine whether the circumstances do, in fact, support an increase in the appellant's alimony award." *Law v. Law*, 177 W.Va. 766, 768, 356 S.E.2d 637, 639 (1987). We also explained that the evidence "suggests that the appellant might be entitled to an increase in her monthly alimony payments." *Law*, 177 W.Va. at 768, 356 S.E.2d at 639.

■ A hearing on the matter was held on July 20, 1987,[1] and the lower court subsequently entered an order, dated May 11, 1989, denying the requested increase and reducing the alimony from $450 monthly to $150 monthly. It is from that May 11, 1989, order of the Circuit Court of Marion County that the appellant now appeals.[2]

## II.

■ We have previously explained the standard of review to be employed in cases such as the present one as follows: "Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). We explained in syllabus point 2 of *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982) that "[b]y its terms, *W.Va.Code* § 48-2-16 [1976] requires a circuit court to consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding."[3] *See also Zinn v. Zinn*, 164 W.Va. 142, 260 S.E.2d 844 (1979). Furthermore, in *Zirkle v. Zirkle*, 172 W.Va. 211, 216, 304 S.E.2d 664, 669 (1983), we explained that a party seeking modification of alimony must show that there has been some substantial change in the circumstances of the parties. *See also Louk v. Louk*, 184 W.Va. 164, 399 S.E.2d 875 (1990). In other words, the determination of appropriate modification, if any, rests not on a mere re-recitation of the entirety of the parties' financial positions. Presumably, this has been accomplished at the time of the original award of alimony. Rather, in a modification proceeding, even though the parties' relative financial posi-

1. While a July 20, 1987, hearing was actually held, we do not have the benefit of any transcript of that hearing due to the court reporter's inability to locate her stenographic notes.

2. An issue was raised as to the ability of the lower court to reduce the amount of alimony owed by the appellee when it was actually the appellant who brought the verified petition for modification before the court. West Virginia Code § 48-2-15(e) (1991) specifies that the court may revise or alter alimony "upon the verified petition of *either* of the parties,...." (emphasis added). Consequently, once a verified petition is filed by either party, the lower court may modify the alimony requirement of the parties. The filing of the petition simply opens the inquiry. The party filing the petition cannot obtain relief from an unsatisfactory disposition based upon the fact that the prevailing party was not the one who opened the inquiry.

3. West Virginia Code § 48-2-16 (1986) provides certain factors to be considered by a court in determining alimony to be awarded, including such concerns as the length of the marriage, the period the parties actually lived together as husband and wife, employment income and recurring earnings, income-earning abilities, distribution of marital assets, ages and physical, mental, and emotional conditions, education qualifications, likelihood of increase in income-earning abilities, anticipated expenses of education to increase earning abilities, costs of educating children, costs of health care, tax considerations, feasibility of employment outside the home, financial needs, legal support obligations, and "other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of alimony, child support or separate maintenance."

tions are under re-examination, the specific changes allegedly justifying modification should be the focus of the proceeding.

██ In the present case, substantial evidence in the form of financial data has been introduced, but little of it is aimed directly toward the issue of whether there has been a substantial change of circumstances such as would justify modification. Furthermore, much of the financial evidence introduced by the parties is conflicting, and various financial affidavits have been filed. The parties are unable to agree, for instance, on the manner in which such items as real estate holdings, investments, debt expenses, and depreciation expenses should be calculated in determining the financial positions of the two individuals. Consequently, although we have attempted to glean an understanding of the relative financial positions of the parties, no coherent summary of those positions can be established by reference to the present record.

In the financial reports contained in the record, the appellant presented evidence indicating monthly income of $1,194 and monthly expenses of $1,288, including expenses relating to the children. The appellee's financial report indicated a monthly income of $1,989 and monthly expenses of $2,505. With regard to real estate and other holdings, the appellant submitted evidence indicating $115,920 in real estate, $1,400 in household items, $3,500 in automobiles, and $30,372 in savings, for a total of $151,192. The appellee indicated $165,800 in real estate holdings, $14,635 in personalty, $12,000 in automobiles, $50,000 in stocks, and $93,066 in a Consolidation Coal Company investment fund.

The record also demonstrates that the appellant had devoted her married years from approximately age nineteen to age thirty-nine to raising the parties' children and assisting her husband in the management of their rental property. According to financial data in the record, the appellant still enjoys some rental property income, but such income is allegedly insufficient to meet monthly expenses in the absence of alimony payments. The appellant has also presented credible evidence indicating that her age, health, and lack of work experience have rendered her earning capacity somewhat limited.[4]

██ The appellee contends that the lower court did not abuse its discretion by reducing the alimony since the parties' financial situations had changed substantially since the initial divorce order. Specifically, the appellee contends that his retirement from coal mining decreased his income substantially. The appellee apparently had an income of approximately $3,700 per month while employed by Consolidation Coal Company. The appellee's reported income after retirement was approximately $1,989 monthly. Again, while such evidence certainly provides a compelling basis for an evaluation of the parties' changed circumstances, that evidence alone cannot justify a reduction in alimony. The appellee also contends that the children, now nineteen and twenty-two years of age, are not as dependent upon the appellant for financial support and further contends that the appellant has the physical capacity to work, but refuses to do so.

Upon review of the record and argument of counsel,[5] we conclude that the evidence relating to the parties' respective positions does not appear to have warranted the lower court's decision to so drastically reduce the appellant's alimony award. The

4. While we have not been provided with the exact dates of birth of the parties, it appears that the appellant is in her late 40's and the appellee is in his early 50's. The appellant has a high school education, and has not worked outside the home since her children were born. While her husband was attending Fairmont State College, she worked as an office worker and a laborer at the Westinghouse glass plant. She presently suffers high cholesterol, arterio-hypertension, and arthritis in her back. The appellee presently manages rental units and operates a machine shop in Fairmont, West Virginia.

5. As stated earlier, there is no record of the modification proceedings. However, there was a transcript of a hearing held on January 12, 1990, before Family Law Master David P. Born relating to an additional modification proceeding brought by the appellant, which sheds some light on the parties' financial situations.

evidence presented below appears to indicate that the appellee enjoys a significantly more financially secure lifestyle than the appellant.[6] Given the circumstances of this case, it is difficult to surmise how the lower court might have seen fit to reduce the alimony from $450 to $150 monthly. Indeed, as the appellee so strongly contends, the appellee did retire, and his retirement did reduce his income from the levels upon which the original alimony award was based. That, in and of itself, however, is an insufficient basis for the reduction of alimony. Any change of circumstances in the appellant's position must also be examined.

It is not within the province of this Court to calculate the financial positions of parties and determine a satisfactory result based upon such calculations, especially in the absence of an evidentiary record. That unpleasant task is to be accomplished by the lower court through the taking of adequate evidence. However, the record in its present form clearly does not justify such a drastic reduction in alimony under any possible financial configuration which was presented below.[7]

As we explained below, the lower court's determination will not ordinarily be disturbed upon appeal. However, when there has been a seemingly clear abuse of discretion, this Court will reverse the determination of the lower court and remand for further proceedings. We feel that such course of action is necessary in the present case. Therefore, we remand this case to the Circuit Court of Marion County for further proceedings consistent with this opinion.

The appellant also contends that the lower court erred in denying her the total amount of attorney fees claimed. The appellant presented attorney fees of $5,531.75, and the lower court awarded only $1,153.75 We have consistently held that an award of attorney fees in a divorce action is within the sound discretion of the trial court and that the decision of a lower court will not be disturbed on appeal absent a finding of abuse of discretion. *Yanero*, 171 W.Va. at 91, 297 S.E.2d at 866; *Hopkins v. Yarbrough*, 168 W.Va. 480, 284 S.E.2d 907 (1981); *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959). As we concluded in *Yanero*, 171 W.Va. at 91, 297 S.E.2d at 866, however, the lower court upon remand should reconsider its denial of the appellant's request for costs and attorney fees. Unless some basis not apparent in the present record exists, the lower court's order on this issue appears to be inequitable.

Based upon the foregoing, we hereby reverse the ruling of the Circuit Court of Marion County insofar as it reduced the required alimony from $450 to $150 monthly and denied the appellant's request for payment of attorney fees claimed. We remand this matter for further proceedings consistent with this opinion.

Reversed and remanded.

---

**6.** The appellee has a pension with Consolidation Coal Company from which he can withdraw freely without penalty after the age of 59 1/2. He also owns valuable vintage automobiles and a race car. The appellant, on the other hand, has had difficulty acquiring affordable health insurance coverage, finally obtaining a policy with a $1,000 deductible.

**7.** While we regret that this remand will inevitably occasion additional delay and hardship to the parties, we believe that the inadequacy of the record below necessitates such remand. Without the transcript of the July 20, 1987, proceedings below, we have no stable foundation upon which to make a final determination at this level of the appropriate alimony to be awarded. Furthermore, as we explained above, we have identified scant evidence supporting a decrease in alimony and do not believe that sufficient evidence was introduced regarding a change in circumstances which would justify such an extreme modification. We devoutly and fervently hope that on this second remand, the trial court will see to it that a record is made and that the factors set forth in this opinion and the previous *Law* opinion are examined.