297 S.E.2d 863

**Dorothy A. YANERO**

v.

**James C. YANERO.**

**No. 15455.**

Supreme Court of Appeals of West Virginia.

Nov. 18, 1982.

---

Duane Southern, Rose, Southern & Padden, Fairmont, for appellant.

J. Montgomery Brown, Fairmont, for appellee.

McGRAW, Justice:

This appeal is taken from an order of the Circuit Court of Marion County which awarded the appellant, Dorothy A. Yanero, monthly alimony in the amount of $730 per month. The appellant contends that the lower court abused its discretion in failing to order a sufficient increase in monthly alimony payments to enable her to maintain her former standard of living. We agree and we reverse the lower court's ruling.

The appellant was granted a divorce from the appellee, James C. Yanero, on grounds of cruelty on March 9, 1978. Under the terms of the divorce decree, the appellant was granted custody of the parties' only remaining minor child, a fourteen-year old daughter, and was awarded the sum of $1,150 per month as combined alimony and child support.

In April of 1980, the appellant petitioned the circuit court for modification of the divorce decree. The petition sought, among other things, an increase in the amount of monthly support and requested that a portion thereof be designated as child support for tax purposes. The appel-

lant also requested that she be granted the exclusive use and possession of the former marital abode, which was jointly owned by the parties.

By order entered July 28, 1980, the circuit court awarded the appellant the sum of $1,300 per month in support, half of which was designated as child support and half as alimony. In addition, the court granted the appellant the exclusive use and possession of the marital residence, subject to a pending partition suit brought by the appellee, and ordered the appellee to pay one-half of the costs of necessary maintenance and repairs to the residence.

In April of 1981, the daughter of the parties celebrated her eighteenth birthday. Thereafter, the appellant received only $650 per month from the appellee.

On July 15, 1981, the appellant again petitioned the circuit court for an increase in alimony, alleging that she was unable to meet her monthly expenses at the current level. The appellant requested that she be awarded a minimum of $1,500 per month in alimony so as to enable her to maintain a standard of living comparable to that she enjoyed prior to the divorce.

A hearing was held on September 2, 1981, at which both parties presented testimony. The evidence showed that the appellee, age 57, is a dentist with a successful practice in Fairmont. The appellee, who is 51 years old, served as a housewife and mother to the parties' four children and never worked outside the home during their twenty-eight year marriage.

The jointly owned residence, which the parties occupied at the time of their separation, consists of a twelve-room house, a garage and apartment, a swimming pool and an estate of 5½ acres all valued at between $200,000 and $300,000. The appellant testified that the residence was deteriorating due to lack of maintenance and that she could not afford to pay her share of the cost of necessary repairs. The appellant submitted a list of estimated monthly expenses totaling over $1,500 per month, of which $213 was directly attributable to her daughter. The appellant also submitted a list of extraordinary expenses she had in-

curred in the past year, including purchases of pool equipment, a new television and dishwasher and tires for her car, totaling $2,600. The appellant testified that she had been forced to borrow money from one of her children to meet these expenses.

The appellee testified that on his tax return for the previous year he had listed a total income of approximately $86,000 of which $75,000 was derived from his dental practice, $3,600 from rental income and $1,500 from interest income. He stated, however, that due to recent health problems he had been forced to curtail the amount of time he spent in his practice with a resulting drop in net income. The appellee also testified that he had assets of $60,000 in certificates of deposit. The appellee and his second wife had been living in a basement apartment in his office building, which was owned jointly by the appellant and the appellee, for which he paid no rent, but were in the process of building a home at the time of the hearing. The appellee testified that he was paying for his youngest daughter's college tuition and expenses and submitted a list of expenses for 1980 which, including alimony and support payments, costs of repairs to the marital home and expenses for a son who had since graduated from college, totaled approximately $85,000. He testified that he had been forced to borrow money from his mother to meet expenses in 1980.

The evidence showed that the parties had substantial joint holdings, including the office building, a vacation camp and an unimproved lot, all valued at approximately $150,000. The appellant did not receive any rental income from these joint holdings, but admitted that neither did she charge rent to the occupant of the garage apartment on the residence premises. The appellee paid all taxes and insurance premiums on the jointly owned property.

Based upon this evidence, the circuit court, by order entered October 16, 1981, awarded the appellant monthly alimony of $730. The order further provided that the appellee provide his youngest daughter with tuition, room, board and books for college and $100 per month for expenses and required the appellee to pay monthly alimony and child support in the amount of

$1,430 to the appellant during the three months of summer vacation if the child was living with her mother and not attending school during that time. The appellant's motion for attorney's fees was denied by the circuit court.

"Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). The discretion of the circuit court in determining whether to order a modification of a prior alimony decree is guided by *W.Va.Code* § 48-2-16 [1976] which sets forth certain standards to be taken into consideration by the lower court in determining alimony.* We have held that under this statute "no specific weight is assigned to any one criterion, and the trial judge in his sound discretion may accord such weight to any or all of these criteria as he deems appropriate." Syl. pt. 1, in part, *Corbin v. Corbin*, 157 W.Va. 967, 206 S.E.2d 898 (1974). However, it is clear that the statute by its terms requires a court to consider the financial needs of the parties, their incomes and income produced by their estates in determining the amount of alimony to be awarded. *Zinn v. Zinn*, 164 W.Va. 142, 260 S.E.2d 844 (1979).

We think the facts of this case clearly demonstrate that the circuit court abused its discretion in entering the modification order. The record here shows that the appellant had no income other than the alimony payments made by the appellee every month. It was uncontested that the appellant's age and lack of work experience outside the home left her with a substantially limited earning capacity. The appellant submitted a list of estimated monthly expenses totaling over $1,500 per month which were not disputed by the appellee.

On the other hand, the evidence showed that the appellee was in strong financial position. He received a substantial income from several sources and owned substantial assets aside from the property he owned jointly with the appellant. The list of expenses he submitted at the hearing included several items which the appellee admitted he no longer paid.

Under the circumstances of this case, we conclude that the circuit court clearly abused its discretion in awarding the appellant only $80 per month additional alimony. Since this Court has no jurisdiction to fix the amount of alimony to be awarded in a modification suit, we remand the case to the lower court for further proceedings.

The appellant also contends that the circuit court erred in refusing to award her attorney's fees. An award of attorney's fees and costs in a divorce action is a matter within the discretion of the trial court and will not be disturbed on appeal absent a finding of abuse of discretion. *Hopkins v. Yarbrough*, 168 W.Va. 480, 284 S.E.2d 907 (1981); *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959). Inasmuch as this action is being remanded to the circuit court for further proceedings, we direct the lower court to reconsider its denial of the appellant's request for costs and attorney's fees.

Accordingly, we reverse the ruling of the Circuit Court of Marion County insofar as it awarded the appellant the sum of $730 per month alimony and denied her request for an award of counsel fees and costs, and we remand the case for further proceedings in accordance with the principles enunciated in this opinion.

Reversed and Remanded.

---

* *W.Va.Code* § 48-2-16 provides:

All judges and courts of this State, called upon to fix, ascertain and determine an amount as alimony, support or maintenance to be paid by a spouse or to modify any order pertaining thereto, shall take into consideration, among other things, the financial needs of the parties, the earnings and earning ability of the husband and wife, the estate, real and personal, and the extent thereof as well as the income derived therefrom of both the husband and wife and shall allow, or deny, alimony or maintenance or modify any former order with relation thereto, in accordance with the principles of justice.