364 S.E.2d 37

**Gordon R. HOLLAND**

v.

**Lorraine NOSE and Lila L. Holland**

**No. 17532.**

Supreme Court of Appeals
of West Virginia.

Dec. 17, 1987.

Daniel Baker, Bridgeport, for petitioner.

Thomas W. Kupec, Clarksburg, for respondents.

## PER CURIAM:

The petitioner, Gordon R. Holland, appeals from the final order of the Circuit Court of Harrison County entered on April 25, 1986, in which the petitioner was denied the custody of his minor son and custody of the minor child was awarded to Lorraine Nose, individually and as committee for Lila L. Holland, the child's natural mother. On appeal, the petitioner asserts that the circuit court committed error by awarding custody of the minor son to the natural mother's committee because there was no showing that the petitioner was not fit and able to care for his infant son. Under the circumstances of this case, we affirm the decision of the circuit court.

The parties were divorced pursuant to an order of the Circuit Court of Harrison County entered on August 1, 1983, in which the respondent, Lila L. Holland, was awarded custody of Gary Justin Holland, the infant child born of the marriage of Gordon R. Holland and Lila L. Holland. Lila L. Holland became totally disabled in May of 1984 when she fell and struck her head on a floor. It was Mrs. Holland's condition that caused her mother, Lorraine Nose, to seek appointment as her committee.

After Mrs. Holland's accident, there was much litigation about custody of the minor child, not all of which needs to be summarized here. The record indicates, however that the infant child has resided in the home of Lorraine Nose for almost the entire period since the mother's injury, except for the period that the child was out of state. The record clearly indicates that the petitioner has done little to make contributions toward his son's support and was in arrears in his court ordered child support payments. There is evidence that the petitioner's child has a seizure condition that requires treatment and that the petitioner is without medical insurance. Therefore, it is doubtful that the petitioner could adequately meet his son's need for medical attention and adequately maintain his son as the circuit court correctly found. The petitioner has not shown how a change of custody from the respondents would "materially promote the moral and physical welfare of the child." Based on the evidence of record, we do not believe that the circuit court was clearly wrong or that its findings were against the weight of the evidence.

The rule, as stated in Syllabus Point 3 of *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945), provides: "In a divorce suit the findings of fact of a trial chancellor based on conflicting evidence will not be disturbed unless it is clearly wrong or against a preponderance of the evidence." Likewise, this Court has also recognized that questions relating to the maintenance of the parties or their children are within the sound discretion of the trial court, and its rulings with respect to such matters will not be disturbed on appeal unless it clearly appears that the court has abused its dis-

cretion. *Yanero v. Yanero,* 171 W.Va. 88, 297 S.E.2d 863 (1982); *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977). Although this is a close case, the deciding factor is that the child's mother, although disabled, is still alive. The child's grandmother is standing in for the mother and we find that the court was correct in concluding that custody should not be disturbed at this time.

For the reasons stated, the judgment of the Circuit Court of Harrison County is affirmed.

Affirmed.