366 S.E.2d 662

Ocie MULLINS

v.

Oscar MULLINS.

No. 17514.

Supreme Court of Appeals of
West Virginia.

Feb. 24, 1988.

Norman Googel, Welch, for Ocie Mullins.
Sidney H. Bell, Welch, for Oscar Mullins.

PER CURIAM:

The parties to this action were originally divorced by an order of the Circuit Court of McDowell County. The court found that the wife earned $552.00 per month and that the husband received $711.00 per month as social security benefits. The court required the husband to pay $175.00 per month as alimony unless the wife became unemployed at which time the husband would pay the wife $268.00 per month as alimony. There was no provision in this order about the house payment on the jointly-owned home. In an order entered after the divorce, the court found that the wife had become unemployed and that the husband would be required to pay the sum of $268.00 per month as support and maintenance to the wife.

Afterward, the order appealed from in this case was entered following a hearing held on the respondent's petition to modify support. In that order the Circuit Court of McDowell County made certain findings of fact, which included the following: (1) the husband earned $743.00 per month; (2) the wife was physically unable to work; (3) the husband was in arrears in alimony in the amount of $1,608.00; and (4) the only asset of the parties from which they could derive adequate funds with which to live was the marital home.

The circuit court then concluded that there had been a material change in circumstances since the entry of the order of divorce and that the marital property should be appraised and sold with the proceeds to be divided equally between the parties. The arrearage of $1,608.00 in alimony was ordered deducted from the husband's share, and the husband was relieved of any further obligation to pay alimony.

In the single Syllabus of *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977), this Court held:

"Questions relating to alimony and to the maintenance and custody of the chil-

dren are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused."

However, this Court has recognized that after alimony has been awarded, to justify a modification of alimony, a petitioner must show that there has been a material change in the circumstances of the parties. *Zirkle v. Zirkle,* 172 W.Va. 211, 304 S.E.2d 664 (1983). In determining whether there has been a material change in circumstances of the parties, the circuit court is required to consider a number of different factors. Those factors are enumerated in Syllabus Point 2 of *Yanero v. Yanero,* 171 W.Va. 88, 297 S.E.2d 863 (1982), as follows:

> "By its terms, W.Va.Code § 48–2–16 [1976] requires a circuit court to consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding."

We note that since the granting of the original decree awarding alimony, the wife has become unemployed or unable to work and has no income while the husband's social security benefits have increased about $32.00 per month. In effect, the wife has far less discretionary income than she had at the time of the granting of the divorce, while the husband has greater discretionary income. Considering the factors enumerated in *Yanero,* including the inability of the wife to earn income, we find that the facts of this case clearly militate against a reduction in the wife's alimony. Therefore, the circuit court abused his discretion when he modified the original alimony award.

Accordingly, the order of the Circuit Court of McDowell County modifying the alimony decree is reversed and the case is remanded for reinstatement of the original alimony award of $268.00 per month.

Reversed and remanded.