375 S.E.2d 424

**Nancy Lee GORBY**

v.

**Clark Vincent GORBY.**

**No. 17709.**

Supreme Court of Appeals
of West Virginia.

Nov. 28, 1988.

David R. Janes, Tharp, Liotta & Janes, Fairmont, for appellant.

Frank C. Mascara, Fairmont, for appellee.

PER CURIAM:

This is an appeal by the appellant, Nancy Lee Gorby, from a final order of the Circuit Court of Marion County, entered February 25, 1987, which denied her motion for reconsideration of a previous ruling granting her rehabilitative alimony. Mrs. Gorby contends that she is entitled to a greater award of permanent alimony. We conclude that the award of rehabilitative alimony is not supported by proper findings of fact and conclusions of law, but find insufficient evidence in the record before this Court to render a decision on the merits of Mrs. Gorby's claim. Accordingly, we reverse

the decision of the circuit court and remand the case for further proceedings.

The parties, Nancy Lee Gorby and Clark Vincent Gorby, were married on February 21, 1958 in Marion County. Two children, both now emancipated, were born of the marriage. On March 2, 1985, the parties separated. Mrs. Gorby instituted divorce proceedings shortly thereafter. Both parties sought equitable distribution of the marital assets and exclusive use and occupancy of the marital home. In addition, Mrs. Gorby sought an award of alimony.

In financial affidavits filed with the court, the parties listed assets valued at between $108,000 and $150,000, including the marital home in Mannington and another residence in Fairmont. The affidavits reveal that both parties had high-school educations, that Mrs. Gorby was 48 and unemployed and that Mr. Gorby was 51, employed at an average monthly net salary of $1,488.93 and operated a taxidermy business which suffered a net loss in 1984.

By order entered May 22, 1985, the court awarded Mr. Gorby exclusive use and occupancy of the marital residence in Mannington and granted Mrs. Gorby exclusive use and occupancy of the Fairmont residence. The court further ordered Mr. Gorby to pay the mortgage on the Fairmont residence until further order of the court and deferred ruling on all other issues raised by the pleadings.

By letter dated May 24, 1985, however, the court notified counsel for the parties that after reviewing the financial affidavits, it was ordering Mr. Gorby to pay Mrs. Gorby the sum of $400 per month from May, 1985 until May, 1989, "at which time alimony shall terminate". This ruling was reflected in an order entered May 9, 1986.

By separate order entered that same day, the court granted the parties a divorce on grounds of irreconcilable differences. The court reiterated its previous rulings with respect to the payment of alimony and the exclusive use and occupancy of the Mannington and Fairmont dwellings and expressly deferred ruling "on all other issues raised by the parties in their pleadings, including, but not limited to, the issue of equitable distribution of marital property."

Mrs. Gorby subsequently moved the court to reconsider its earlier ruling on the issue of alimony. Specifically, Mrs. Gorby asked the court to extend the award of alimony indefinitely and to increase the amount of the monthly payment. By letter dated September 23, 1986, the circuit court advised counsel for the parties that it was denying the motion for reconsideration and that the court considered the monthly payments to Mrs. Gorby to have been ordered "as part of the equitable distribution of marital property and not as rehabilitative alimony." An order reflecting this ruling was entered on February 25, 1987. Mrs. Gorby's petition for an appeal from this order was filed with this Court on May 12, 1987.

Mrs. Gorby's principal contention on appeal is that the circuit court abused its discretion in awarding her rehabilitative alimony.* She contends that she was entitled to permanent alimony and to an increase in the amount of the monthly payment.

We recently summarized the law in regard to rehabilitative alimony as follows:

> We first addressed rehabilitative alimony in Syl. pt. 1 of *Molnar v. Molnar*, 173 W.Va. 200, 314 S.E.2d 73 (1984): "The concept of 'rehabilitative alimony' generally connotes an attempt to encourage a dependent spouse to become self-supporting by providing alimony for a limited period of time during which gainful employment can be obtained." Rehabilita-

---

* The record before this Court does not support the circuit court's characterization of the monthly payments as part of the equitable distribution of the parties' marital property. In all of its previous orders, the circuit court had specifically referred to the payments as "alimony" and in the final divorce decree, had expressly deferred ruling on the issue of equitable distribution. Moreover, the record before this Court contains no evidence of any subsequent order effecting equitable distribution of the marital estate or of any agreement of the parties as to the division to be made of their property. In the absence of such evidence, the circuit court's retroactive designation of the monthly payments as part of the equitable distribution was totally unwarranted.

tive alimony has been used frequently when a dependent spouse enters a marriage with marketable skills, which then deteriorated through lack of use, or the dependent spouse is capable of becoming self-supporting through training or academic study. In these circumstances, an award of alimony for a limited time is appropriate to give a dependent wife an opportunity to revitalize old skills or acquire new ones.

"There are three broad inquiries that need to be considered in regard to rehabilitative alimony: (1) whether in view of the length of the marriage and the age, health, and skills of the dependent spouse, it should be granted; (2) if it is feasible, then the amount and duration of rehabilitative alimony must be determined; and (3) consideration should be given to continuing jurisdiction to reconsider the amount and duration of rehabilitative alimony." *Molnar v. Molnar, supra,* 173 W.Va. at 205, 314 S.E.2d at 78. *See also, Luff v. Luff,* 174 W.Va. 734, 329 S.E.2d 100 (1985), appeal after remand 177 W.Va. 247, 351 S.E.2d 434 (1986); Syl. Pt. 5, *Butcher v. Butcher,* 178 W.Va. 33, 357 S.E.2d 226 (1987); W.Va. Code, 48–2–16(b) [1984]. (Footnotes omitted.)

*Cross v. Cross,* 178 W.Va. 563, 565, 363 S.E.2d 449, 451 (1987). The factors to be considered in determining whether to award rehabilitative alimony are similar to those the court is required to consider in determining whether to grant permanent alimony. W.Va.Code § 48–2–16(b) (1986 Replacement Vol.).

■ Here the circuit court failed to make any findings of fact or conclusions of law to support its award of rehabilitative alimony. Such findings are clearly required under the West Virginia Rules of Civil Procedure.

"Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance." Point 1 Syllabus, *Commonwealth Tire Company v. Tri–State Tire Company,* [156 W.Va. 351], 193 S.E.2d 544 [ (1972) ].

Syllabus point 1, *Peoples Bank of Point Pleasant v. Pied Piper Retreat, Inc.,* 158 W.Va. 170, 209 S.E.2d 573 (1974). *See Bills v. Bills,* 170 W.Va. 707, 296 S.E.2d 348 (1982) (per curiam). We have expressly recognized that the circuit court is required to make such findings to explain the basis for an award of rehabilitative alimony. *Molnar v. Molnar,* 173 W.Va. at 205, n. 8, 314 S.E.2d at 78, n. 8.

■ Moreover, the state of the record before this Court is such that it is impossible to determine which, if any, of the enumerated factors the circuit court considered in awarding alimony. The only evidence presented are the financial affidavits filed by the parties. Besides listing the assets claimed by each party, these affidavits reveal only that at the time of the separation Mrs. Gorby was 48 years old, had a high-school education, had been married for 28 years, was unemployed and had two grown children. In the briefs, the parties state that Mrs. Gorby worked for several years during the marriage, but do not specify the type of work she did, when she worked or for how long. The parties further state that Mrs. Gorby had limited education, training and employment skills but supply no specifics in these areas.

■ Upon this scanty evidence, we would be inclined to find that Mrs. Gorby was entitled to an award of permanent alimony. It must be remembered, however, that "[q]uestions relating to alimony and to the maintenance and custody of children are within the sound discretion of the divorce court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977). In view of the paucity of the record before us, we cannot make such a determination on the merits of Mrs. Gorby's claim. We do, however, conclude that

the circuit court committed clear reversible error in failing to make appropriate findings of fact and conclusions of law to support its award of alimony. Accordingly, we reverse the judgment of the circuit court on that ground and remand this case to that court for further proceedings consistent with the principles stated herein.

For the reasons stated herein, the decision of the Circuit Court of Marion County is reversed, and the case is remanded for further proceedings.

REVERSED AND REMANDED.