399 S.E.2d 875

**Sally C. LOUK**

v.

**Luther J. LOUK.**

**No. 19693.**

Supreme Court of Appeals of West Virginia.

Nov. 29, 1990.

LaVerne Sweeney, Grafton, for Sally C. Louk.

Carlton K. Rosencrance, Elkins, for Luther J. Louk.

PER CURIAM:

This is an appeal by Sally C. Louk from an order of the Circuit Court of Randolph County which modified a previous divorce decree and which transformed a prior permanent alimony award into a rehabilitative alimony award payable for a maximum of five years. On appeal, the appellant claims that the trial court erred in modifying the permanent alimony award. After reviewing the law and the record, this Court agrees and reverses the decision of the circuit court.

On March 27, 1986, the appellant and Luther J. Louk, who had been married thirty-three years, and who were contemplating a divorce, entered into a written property settlement agreement. The agreement, which was prepared by the appellant's attorney, provided that the appellant's husband would pay the appellant $150 per month on the 5th of every calendar month beginning on the 5th of May, 1986.

The parties were subsequently divorced by a divorce decree entered on April 11, 1986. The decree incorporated the parties' March 27, 1986, agreement and directed the appellant's husband to pay the appellant $150 per month permanent alimony.

On December 30, 1987, Luther J. Louk filed a petition to modify the divorce decree. In his petition, he alleged that he had not consulted with a personal attorney prior to the execution of the property settlement agreement, and that the agreement, as executed, did not reflect the actual agreement of the parties. He stated that the actual agreement was that he was to pay the appellant $150 per month for a maximum period of one year from the date of the divorce. He also claimed that since entry of the divorce decree the circumstances of the parties had changed. He prayed that the agreement be modified to reflect the actual agreement of the parties.

Following the filing of the petition for modification, the matter was referred to a family law master, and extensive hearings were conducted. At the close of the hearings, the family law master suspended all

alimony payments, pending resolution of the questions raised.

In a decision issued on May 30, 1989, the family law master found that the agreement entered into by the parties was not ambiguous and clearly provided that the appellant's husband was to pay alimony as set forth in the agreement. He also found that the appellant's husband's contention that alimony payments were to be limited to one year was not supported by the evidence. However, the master further recommended that the alimony award terminate upon the remarriage of the appellant or the death of her husband, whichever should first occur, and that the alimony award be confined to a maximum period of five years unless sooner terminated by the death of one of the parties.

The parties filed objections and exceptions to the family law master's report, and the matter was set for argument before the Circuit Court of Randolph County on or about October 16, 1989. However, before a hearing was conducted, the circuit court, on October 13, 1989, entered an order adopting the findings of the family law master and modifying the divorce decree as recommended by the family law master.

In the present proceeding, the appellant claims that the trial court erred in converting the permanent alimony award into a rehabilitative alimony award. She also claims that the family law master's decision should have been made retroactive to the time that the alimony payments were suspended.

■■■ This Court has recognized that, as a general rule, after alimony has been awarded, to justify a modification of the amount awarded, the petitioner must show that there has been a substantial change in the circumstances of the parties. *Law v. Law*, 177 W.Va. 766, 356 S.E.2d 637 (1987); *Zirkle v. Zirkle*, 172 W.Va. 211, 304 S.E.2d 664 (1983). In determining whether there has been a substantial change in the circumstances of the parties, a circuit court is required to consider the factors set forth in syllabus point 2 of *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982). That syllabus point provides:

By its terms, *W.Va.Code* § 48-2-16 [1976] requires a circuit court to consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding.

*See Luff v. Luff,* 177 W.Va. 247, 351 S.E.2d 434 (1986).[1]

■■ In the petition to modify involved in the present proceeding, the appellant's husband alleged that the appellant was gainfully employed on a full time basis at a local clothing factory at a substantial wage and had become able to provide financially for her own personal support, whereas he had been unemployed since the divorce and had only marginally sufficient income from military retirement pay to pay for the necessaries of life. He indicated that, in effect, the circumstances were such that the original alimony award should be modified.

During the subsequent hearings it was shown that the appellant had acquired, as a result of the divorce, the parties' residential property on North Randolph Avenue in Elkins, West Virginia, and that her husband acquired a camp owned by the parties located in Gilmer County. The husband testified that the house, along with household goods awarded to the appellant, were worth in the neighborhood of $100,000 and that the property which he had received was worth in the neighborhood of $8,000. The appellant's husband received $913.31 per month as a pension and also

---

1. Although *W.Va.Code,* 48-2-16, has been amended since 1976, the amended version still provides, in essence, that the trial court shall consider the factors set forth in syllabus point 2 of *Yanero* when the fairness of an alimony provision contained in an agreement is called into question in a modification proceeding. Although a court is not required to consider such factors when an agreement has been found to be fair and reasonable and not obtained by unconscionable conduct and previously adopted by the court, and when it contains some "explicit, well expressed, clear, plain and unambiguous provision" precluding modification, the court could not find such a provision precluding modification in the present case.

had a separate business and worked as a security guard.

The appellant introduced evidence showing that her husband had received property other than that in Gilmer County. Among other things, he had received numerous vehicles, a log cutter, $5,000 from jointly owned property which had been sold previously, and the business which he was running which he had developed during the parties' marriage. There was also evidence that the appellant was working and through February, 1988, had earned $1,479.42 for the year 1988. The appellant received no part of her husband's military pension.

After examining the record, it appears to this Court that the appellant's husband, at the time of the modification proceeding, had greater income than the appellant, as well as substantial assets. There is no indication that the appellant had the ability to earn substantially greater income, and the alimony which her husband was scheduled to pay in the original decree, $150 per month, was less than one-sixth of what he received from his military pension alone, and was not an inordinate sum, given his income.

In view of all the circumstances of the case, the appellant's age and her apparent needs, the incomes of the parties, the income-earning abilities of the parties, and the size of their estates and the incomes produced by their estates, this Court does not believe that there was such a substantial change in the parties' circumstances as justified a modification of the original alimony award. The Court further believes that the trial court abused its discretion in changing the original permanent alimony award into a temporary rehabilitative alimony award.

■ The Court notes that in the petition instituting this proceeding, the appellant's husband charged that through an inadvertent drafting error the agreement upon which the alimony award was based had provided for permanent alimony rather than temporary or rehabilitative alimony to which the parties had orally agreed. He also claimed that, at the time of executing the agreement, he was not separately represented by an attorney and that, under the circumstances, the final alimony decree should be modified. He, in effect, claimed that the agreement as written and the final decree did not reflect the actual agreement of the parties.

After conducting hearings, the family law master essentially concluded that the appellant's husband's argument was without merit and refused to recommend a modification on these grounds. A review of the record supports this conclusion. The appellant, during the hearings, testified that there were no mistakes in the alimony provisions of the agreement. Further, another individual, who was present at the time the appellant signed the alimony agreement, indicated that there were no complaints at that time as to mistakes in the agreement, although it was carefully read.

Under the circumstances, the Court believes that, if there was any mistake, it was a unilateral mistake which would not support recision or modification of the subsequent alimony award, particularly in view of the fact that the appellant's husband did not challenge that award after entry of the court's final order. The Court also believes, as previously stated, that the family law master's findings were supported by the evidence.

■ The Court notes that the family law master suspended the payment of alimony in July, 1988. As previously indicated, the Court does not believe that there was a valid reason for modifying the permanent alimony award. If the modification proceeding had not intervened, the appellant would have received alimony from the time of the suspension until the present. Since this Court has concluded that there was no valid reason for modifying the permanent alimony award, the Court is of the opinion that the appellant should receive her alimony from the time of the suspension.

For the reasons stated, the judgment of the Circuit Court of Randolph County is reversed and this case is remanded with directions that the appellant's original $150

per month permanent alimony award be reinstated retroactive to the time when it was suspended.

Reversed and remanded with directions.