403 S.E.2d 744

**Byron E. PHILLIPS, Respondent Below, Appellee,**

v.

**Helen M. PHILLIPS, Petitioner Below, Appellant.**

No. 19653.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 16, 1991.

Decided March 28, 1991.

David L. Solomon, Michael L. Solomon, Solomon & Solomon, Morgantown, for appellant.

Phillip M. Magro, Jr., Morgantown, for appellee.

PER CURIAM:

This is an appeal by Helen M. Phillips from an order of the Circuit Court of Monongalia County which directed that spousal social security benefits received by her be treated as a set-off against alimony previously awarded to her. On appeal, the appellant claims that the trial court erred in ordering the set-off and, in effect, modifying the previous alimony award. After reviewing the question presented, this Court concludes that under appropriate circumstances a social security award may constitute a set-off against an alimony award. However, in the present case, whether the circumstances necessary for such a set-off are present is unclear from the record presented. Accordingly, the judgment of the Circuit Court of Monongalia County is reversed, and this case is remanded for further consideration.

The appellant and Byron E. Phillips were married on December 28, 1944. Some thirty-eight years later, on May 6, 1982, they were divorced by an order entered in the Circuit Court of Monongalia County. Prior to their divorce, the parties had entered into a property settlement agreement which provided that the appellant's husband would pay her $1,500 per month alimony until such time as she should remarry. In granting the divorce, the trial court adopted and incorporated into the divorce decree the provisions of the property settlement agreement relating to alimony.

The appellant's former husband paid the appellant alimony as required by the divorce decree through March 28, 1989.

On March 29, 1989, the appellant's former husband petitioned the Circuit Court of Monongalia County to modify the divorce decree. The filing of the petition was motivated by the fact that beginning in April, 1989, the appellant became entitled to divorced-spouse benefits under the Social Security Act. The benefits were to be paid on the earnings record of the appellant's former husband.

In the petition to modify, the appellant's husband stated that:

The Petitioner asks the Court to reduce the amount of monthly alimony paid to the Respondent in amounts equal to the amount Respondent is to receive under the Social Security formula at the Petitioner's Age 62. These payments under Social Security will be from the Petitioner's account as Respondent has never held public employment long enough to qualify for her own Social Security account. Reduce alimony by $337 per month or $4,044 per year and in exact amounts of Social Security benefits paid Respondent each year thereafter.

The modification questions were referred to a family law master, who conducted a hearing in the matter and who issued a recommended decision on October 16, 1989. In that decision, the master found that the agreement between the parties was silent as to what would occur in the event that social security benefits were received by the appellant and that the agreement did not indicate whether the receipt of such payments should reduce the $1,500 per month payable to the appellant. The master concluded:

Since the Agreement is silent on this matter, it is recommended that the amount received as Social Security be an off-set and reduce the $1,500.00 per month by such amount received.

The Circuit Court of Monongalia County took the family law master's recommended decision under consideration and by order entered on November 30, 1989, adopted that decision. In adopting the decision, the court found that, in the absence of specific provisions in a property settlement agreement unambiguously denying the court jurisdiction to modify a property settlement agreement, it was presumed that a divorce decree awarding alimony is subject to continuing jurisdiction of the circuit court. In line with this, the court found that it had continuing jurisdiction to modify the $1,500 per month alimony originally awarded between the parties. The court then found that the appellant had never worked for a sufficient time to qualify for social security benefits based on her own contributions and that the social security benefits which she received were based solely on the contributions made by her husband to the so-

cial security fund. The court indicated that the appellant would suffer no reduction in her standard of living if an offset was allowed, since she would continue to receive $1,500 per month. The court, therefore, concluded that the family law master's recommendation that the appellant's social security award be treated as an offset against her alimony award was appropriate.

In the present proceeding the appellant claims that the circuit court erred in ruling that as a matter of law her husband was entitled to an offset in his alimony payments in an amount equal to divorced-spouse benefits paid under the provisions of the Social Security Act.

The question presented is somewhat similar to that considered by the Court in *Zirkle v. Zirkle*, 172 W.Va. 211, 304 S.E.2d 664 (1983). In the *Zirkle* case, Thomas I. Zirkle had been directed by a court to pay his wife $150 per month alimony. Subsequently, Mr. Zirkle applied for and received black lung benefits under the Federal Coal Mine Health and Safety Act of 1969. Under that Act, certain dependents of primary recipients were entitled to apply for dependency benefits. Mr. Zirkle's former wife, as a dependent, applied for, and was granted, such benefits. Mr. Zirkle took the position that the black lung benefits, which were based on the condition of his health, in effect should be considered a set-off against his alimony obligation. Although the principal question in the *Zirkle* case was whether Mr. Zirkle had the right to apply the set-off without seeking prior court approval, certain statements in the opinion cast light upon the principles which this Court believes should be followed in approaching the question in the present case.

In *Zirkle* the Court cited with approval *Cope and Cope*, 49 Or.App. 301, 619 P.2d 883 (1980), a case in which the Oregon court was asked to determine whether a former wife's receipt of social security benefits, based on her former husband's classification by the Social Security Administration as permanently and totally disabled, should be treated as a set-off against child support payments. Quoting *Chase v. Chase*, 74 Wash.2d 253, 444 P.2d 145 (1968), the Oregon court in *Cope* stated:

> The disability and resulting entitlement to [S]ocial [S]ecurity are changes in condition of the parties to be considered in a modification proceeding but do not give rise to a modification or deduction without affirmative action by the court for they are not necessarily determinative. The father may be independently wealthy; or he may, in the interim, have inherited property. Benefits from private or public retirement systems may have accrued and become payable to him. In short, many developments affecting the economic condition of the parties may have occurred which would not permit or warrant a modification of the decree to the extent of deducting the [S]ocial [S]ecurity benefits for dependent children from the child support ordered in a decree of divorce.

*Cope and Cope*, 49 Or.App. at 309, 619 P.2d at 889.

In *Zirkle*, the Court concluded that the black lung benefits might, under appropriate circumstances, support a modification of an alimony order, but only upon a showing of substantial change of circumstances as contemplated by *W.Va.Code*, 48–2–15. In reaching this conclusion, the Court cited with approval syllabus point 2 of *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982), which provides:

> By its terms, *W.Va.Code* § 48–2–16 [1976] requires a circuit court to consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding.

■ The reasoning in *Zirkle v. Zirkle*, as applicable to the present case is that, while receipt of Federal benefits might support the modification of a prior alimony award, just as the receipt of any substantial additional income might justify a modification, such modification can occur only after a court had judicially considered the factors set forth in Syllabus Point 2 of *Yanero v.*

*Yanero, supra,* and only if the court's inquiry demonstrates there has, in fact, been a substantial change in the circumstances of the parties.

 This Court believes that in the present case the receipt of the Federal Social Security benefits, like the receipt of Federal Black Lung benefits in *Zirkle v. Zirkle,* might impact upon the relative financial standings of the parties and might properly be treated as a set-off, but only after the court has considered the factors enumerated in Syllabus Point 2 of *Yanero v. Yanero* and only if the consideration of those factors demonstrates that there has been a substantial change in the relative financial postures of the parties.[1]

In the present case, the appellant's husband, in his brief, argues that the family law master considered the relative financial conditions of the parties in reaching his decision that the social security award received by the appellant should be treated as a set-off against the alimony payable by her husband. The master's recommended decision, which, in essence, contains his findings of fact, does not specifically show that he considered such factors. Likewise, the court's order fails to indicate that the factors enumerated in syllabus point 2 of *Yanero v. Yanero, supra,* were considered. No transcript of the hearings conducted before the family law master is included in the record designated by the parties to this Court. It is, therefore, impossible for the Court to determine from the record presently available whether such factors were considered. The appellant, in her brief, specifically states that they were not.

In the absence of a consideration of the factors enumerated in syllabus point 2 of *Yanero v. Yanero,* the Court believes that the ordering of the set-off would be improper.

In view of the record presented, this Court believes that the decision of the circuit court should be reversed, and this case remanded. If, in fact, the factors set forth in syllabus point 2 of *Yanero v. Yanero, supra,* were considered by the family law master and those factors show that there has been a substantial change in the circumstances of the parties, then upon remand the trial court may, if justice so dictates, reinstate the set-off provided there is an appropriate recitation of the factual basis for the conclusion that there has been a substantial change in the circumstances. On the other hand, if the factors were not considered, then further hearings should be conducted to determine whether there has been a change in the circumstances of the parties, and an appropriate ruling should be made at the conclusion of that hearing.

For the reasons stated, the judgment of the Circuit Court of Monongalia County is reversed, and this case is remanded for further proceedings consistent with the matters discussed herein.

Reversed and remanded with directions.

---

1. The Court notes that many jurisdictions have recognized that, under appropriate circumstances, third-party governmental payments made to the recipient of alimony or child support may be treated as a set-off. *See particularly Guthmiller v. Guthmiller,* 448 N.W.2d 643 (N.D.1989); *In re Marriage of Robinson,* 651 P.2d 454 (Colo.App.1982). *See also Lopez v. Lopez,* 125 Ariz. 309, 609 P.2d 579 (1980); *Cash v. Cash,* 234 Ark. 603, 353 S.W.2d 348 (1962); *Horton v. Horton,* 219 Ga. 177, 132 S.E.2d 200 (1963); *Potts v. Potts,* 240 N.W.2d 680 (Iowa 1976); *Cohen v. Murphy,* 368 Mass. 144, 330 N.E.2d 473 (1975); *Mooneyham v. Mooneyham,* 420 So.2d 1072 (Miss.1982).