**No. 14-0429,** *Warren v. Garland*

**Workman, Chief Justice, concurring:**

I concur with the result reached by the majority regarding the amount and duration of spousal support to Ms. Warren. Without a doubt, the circuit court misapplied our holding in *Mayle v. Mayle*, 229 W.Va. 179, 727 S.E.2d 855 (2012), when it reversed the order of the family court. In *Mayle*, this Court did not create a rigid prohibition against any prospective increases of spousal support. Rather, *Mayle* required only that there be sufficient evidence in support of such a change. In this case, the family court articulated fact-based reasons to justify the increase in spousal support that were tailored to the needs and circumstances of the parties: in three years, Mr. Garland would substantially reduce the marital credit card indebtedness and abolish his attorney fee obligations. This finding was in no way speculative. In fact, had we affirmed the circuit court's order, Ms. Warren would be unjustly penalized for taking less in spousal support temporarily so that Mr. Garland could pay off this marital debt.

I write separately to spotlight the fallacy of any suggestion that Ms. Warren should just wait three years to file a motion for modification of spousal support pursuant to West Virginia Code § 48-6-201(b) (2014), when the financial situation of the parties is further disparate. In *Zirkle v. Zirkle,* 172 W.Va. 211, 304 S.E.2d 664 (1983), we recognized that to justify a modification of a spousal support award already established,

1

the party seeking modification must show that there has been a substantial change in the circumstances of the parties. *See also Louk v. Louk*, 184 W.Va. 164, 166, 399 SE.2d 875, 877 (1990) (finding no substantial change in parties' circumstances to justify husband's petition for modification of original spousal support award after wife found gainful employment considering husband's obligation was not an inordinate sum, given his income). We have placed the burden of showing a substantial change of circumstances on the party petitioning for modification of the spousal support award. Syl. Pt. 3, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987).

Typically, changes in circumstances within the contemplation of the parties at the time of the final hearing cannot provide a basis for modifying a spousal support award. *See* Syl. Pt. 4, *Goff*, 177 W.Va. 742, 356 S.E.2d 496 ("In order to satisfy the requirement of a substantial change in circumstances necessary to grant a modification in support obligations, the change must be one which would not reasonably have been expected at the time of the divorce decree."). *See generally, Calvert v. Calvert*, 336 S.E.2d 884, 889 (S.C. Ct. App. 1985) (refusing to adjust spousal support where alleged substantial change was known and contemplated by parties at time of decree).

In the instant case, the family court's spousal support award to Ms. Warren was based on Mr. Garland's increased ability to pay a higher amount in three years when his attorney fee obligation was paid in full and his marital credit card payment was reduced or paid off. Because these financial circumstances were known, and easily quantifiable, at the time of the final hearing, I do not believe that any subsequent petition

for modification would be successful.  For that reason, the family court acted judiciously when it addressed these foreseeable changes and provided for the future increase in the amount of the spousal support to Ms. Warren.

For the foregoing reasons, I respectfully concur.