# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BRIAN DAVIS,**
**Petitioner Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 22-ICA-153** (Fam. Ct. Harrison Cnty. No. 10-D-90)

**STARLA DAVIS,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian Davis appeals the Family Court of Harrison County's September 12, 2022, Order Modifying Spousal Support, which reduced his monthly spousal support obligation to $475.  Respondent Starla Davis timely responded in support of the family court's ruling.[1] Mr. Davis filed a timely reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for disposition in a memorandum decision. For the reasons set forth below, this case is reversed and remanded for further proceedings consistent with this decision.

The parties were divorced by a Final Decree of Divorce entered by the Family Court of Harrison County on February 10, 2011. Pursuant to the Final Divorce Decree, Mr. Davis was ordered to pay Ms. Davis spousal support in the amount of $1,100 per month. The issue of spousal support was then appealed to the Circuit Court of Harrison County, which denied the appeal in a "Final Order Refusing Petition for Appeal; Denying Motion for Oral Argument and Affirming the Family Court's Divorce Decree of February 10, 2011" entered on May 20, 2011. On May 17, 2022, Mr. Davis filed a Petition to Modify and Terminate the Spousal Support Award in family court, wherein he requested that the family court terminate or reduce his spousal support obligations. As grounds for his petition, Mr. Davis alleged that he was no longer able to continue working as a heavy equipment operator due to a knee injury, that he had to retire because of the injury, and that he was on disability,

---

[1] Mr. Davis is represented by Thomas W. Kupec, Esq. Ms. Davis is represented by Linda Hausman, Esq.

1

which affected his ability to pay spousal support. Mr. Davis has since remarried following the original allocation of spousal support. The petition asked that the family court terminate or reduce his monthly spousal support obligation.

A hearing was held in this matter on September 8, 2022, and on September 12, 2022, the family court entered an Order Modifying Spousal Support. It was determined that Mr. Davis' total monthly income is $4,236, and Ms. Davis has a total monthly net income of $4,318.70. The family court found that several of Ms. Davis' listed monthly expenses were unreasonable, such as $416.67 per month in home repair expenses, and $300 per month in pet care expenses. It was also established that Mr. Davis had an excess of $1,707.75 after his monthly expenses are deducted, while Ms. Davis had an excess of $749.48. Further, the family court found that Mr. Davis had liquid assets of $20,000, while Ms. Davis has no liquid assets.[2] Based on these findings and Mr. Davis' change in income, the family court found that there was a change in circumstances, and modified Mr. Davis' monthly spousal support amount to $475 per month. It is from this modification order that Mr. Davis now appeals.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-IA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Mr. Davis seeks termination of spousal support or a new hearing. Mr. Davis asserts thirteen assignments of error, including that the family court erred in not considering his farming expenses or mortgage expenses, and in not allowing an attorney fee loan and tax preparation fee as expenses. The remaining assignments of error can be distilled to three primary issues: that the family court erred when it found Mr. Davis had liquid assets of $20,000, erred in ignoring the financial need of the parties, and abused its discretion in calculating the spousal support award so that the payment of $475 would make the parties' disposable income "nearly equal." Ms. Davis responds in support of the family court's ruling, arguing that the court considered the proper factors in modifying the support award and there was no clear error or abuse of discretion.

---

[2] This finding is incorrect. The parties have stated that Ms. Davis has liquid assets of $20,000, while Mr. Davis has no liquid assets.

Turning to the assignments of error regarding the proper considerations for modifications of spousal support, the Supreme Court of Appeals of West Virginia has held that "[i]n order to satisfy the requirement of a substantial change in circumstances necessary to grant a modification in support obligations, the change must be one which was not reasonably expected at the time of the divorce decree." Syl Pt. 2, *Campbell* v. *Campbell*, 243 W. Va. 71, 842 S.E.2d 440 (2020) (citing Syl. Pt. 4, *Goff* v. *Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987)). After a change in circumstances has been established, the twenty factors set forth in West Virginia Code § 48-6-301(b) (2018) govern awards of permanent spousal support, including the length of the marriage, the employment income and earnings of both parties, and the financial needs of each party, among others. Further, the Supreme Court of Appeals has stated that courts should consider "the financial needs of the parties, their incomes and income earning abilities and their estates, and the income produced by their estates" in determining the amount of spousal support to be awarded in a modification proceeding. *Campbell,* 243 W. Va. at 75, 842 S.E.2d at 440 (citing Syl. Pt. 2, in part, *Yanero v. Yanero*, 171 W. Va. 88, 297 S.E.2d 863 (1982)).

Having reviewed this matter, we find that the family court clearly erred in calculating the assets of the parties. The family court erroneously concluded that Mr. Davis had $20,000 in savings and that Ms. Davis had no savings, when it was in fact the opposite. This calculation was a major factor of consideration in the award of spousal support. Further, the court improperly stated that the award of spousal support would make both parties' disposable income equal, which should not be a major determining factor for modifications of spousal support. The Supreme Court has held that "[spousal support] may not be awarded solely for the purpose of equalizing the income between spouses." *Stone v. Stone*, 200 W. Va. 15, 19, 488 S.E.2d 15, 19 (1997).

Accordingly, we reverse the family court's September 12, 2022, order and remand with direction to correct the error in the calculation of the parties' liquid assets and for further evaluation of the need for spousal support in light of the factors set out in West Virginia Code § 48-6-301(b) and "the financial needs of the parties, their incomes and income earning abilities, and their estates and the income produced by their estates." *See Yanero*, 171 W. Va. at 88, 297 S.E.2d at 864, syl. pt. 2.

Reversed and Remanded with Directions.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3